AURORE HOLMES *vs.* LOUIS HURWITZ *et al.*

JANUARY 12, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is an action of the case in which the plaintiff is seeking to recover for services performed by her on behalf of the defendants. In the superior court a jury returned a verdict for the plaintiff for $2600. The defendants' motion for a new trial was denied by the trial justice. Thereafter they duly prosecuted their bill of exceptions to this court and the case is now before us on such exceptions.

It appears from the evidence that sometime prior to October 1, 1936 the plaintiff was employed as a clerk by the defendant Marcuson in a store which he operated in the town of West Warwick in a building owned by both defendants. In this store Marcuson conducted a business in ladies' wearing apparel. On the above date this building contained two stores on the street floor and above them there were six apartments. While the plaintiff was thus employed the tenants of the building usually paid their rent at Marcuson's store, and if he was not present the plaintiff would take the money, give the tenants proper receipts and account to him later.

On October 1, 1936 the plaintiff bought from Marcuson his said business, and she received from the defendants a written lease of the before-mentioned store for five years at a monthly rental of $100, being the same rental which the defendant Marcuson had previously paid for some time. At the termination of this lease on October 1, 1941 the defendants raised the plaintiff's rent to $150 per month, and she was unable to obtain from them a new lease of any certain duration. She continued to conduct business in the store until the latter part of February 1942, when she voluntarily vacated the premises.

While the plaintiff was thus conducting her business she performed for the defendants' benefit certain services, from October 1, 1936 to January 27, 1942, which are the basis of the present case. The evidence shows that between the above dates the plaintiff, in substance, acted as agent, janitor and

474

manager for the defendants' building in which her store was located. She collected rents from the occupants of the apartments, the number of which was increased from six to eight, either by receiving such rents in her store or by going upstairs and collecting them. The other store in the building was occupied by the W. T. Grant Company, which paid, prior to January 1, 1938, monthly by check at the plaintiff's store, and thereafter directly to the defendant Hurwitz in Providence. The rents, including her own, were deposited by the plaintiff in the defendants' bank account in West Warwick up to January 1, 1938, when that account was closed. Thereafter she usually mailed the amount of the rents to the defendants by sending them her own check. Occasionally she delivered such rents to either one of the defendants personally. Between October 1, 1936 and January 27, 1942 she collected and handled for the defendants approximately $21,000 in rents.

In addition, during the above period, she received from the tenants such complaints as they might have regarding the building, and, after consulting with the defendants, except in cases of emergency, she would take such action as was necessary to keep the tenants satisfied. She attended to having done needed repairs of all kinds, especially carpentering, plumbing, painting and electrical work, often leaving her store to hire the proper workmen. She also personally supervised certain alterations in the apartments and checked on the bills for such work. When an apartment was vacated she had it cleaned and renovated for the new tenant. The building was centrally heated by oil, and during the heating season she frequently checked on the oil and on the water and saw that the heating system was kept in repair. She also attended to the removal of rubbish from the premises at proper intervals, hiring men to do this work. In short, she had general care and oversight of the defendants' building and its operation.

The plaintiff admits that the defendants never expressly promised to pay her for the above services. She contends,

however, and so testified, that she expected to be paid by the defendants for such services rendered after October 1, 1936; that they were not done gratuitously; and that on several occasions subsequent to the above date she spoke to the defendants about the services which she was performing for them and told them that she expected to be paid therefor. Her claim is that the facts and circumstances support an implied promise on the part of the defendants to pay her.

The defendants admit that the plaintiff rendered them services substantially as she claims; that such services were satisfactorily performed; and that her handling of the rents and of the accounts is not in question. They maintain, however, that while such services were being performed the plaintiff did not expect to be paid for them, nor did she request from the defendants any payment; that she was compensated by reason of the low rent which she was paying for her store and so understood the situation; that her present claim is an afterthought arising since she left the premises; and that the facts and circumstances do not warrant the finding of an implied promise on their part to pay her for such services.

The defendants argue that the trial justice committed error in refusing to grant their motion for a new trial, which was based on the usual grounds. They contend, in substance, that the preponderance of the evidence shows that the plaintiff's services were rendered as a friendly act without expectation of compensation and that, therefore, the trial justice should not have approved the verdict which, in view of those facts, was not supportable on the basis of an implied promise on their part to pay for such services. They claim, among other things, that the plaintiff's testimony as to the relationship between the parties was indefinite; that the services extended over five years, but that no bill was ever submitted by the plaintiff until shortly before the present action was brought, although during the whole period she was remitting substantial sums of money to the defendants, none of which she retained on account of her services; that she was unable

to fix any date on which she claims to have told either of the defendants that she expected to be paid for her services; and that the plaintiff's own testimony tended to show that, although she had been told by one of the defendants that they did not intend to pay her because of the alleged moderate rent which she was paying for her store, nevertheless she continued to perform the services.

We are unable, however, to accept the defendants' contention that the above matters referred to by them of necessity caused the evidence in the case to so preponderate in their favor that the trial justice was required to grant their motion for a new trial. The positive testimony of the plaintiff, which was directly in conflict with that of the defendants and their witness on the main points involved, the conduct of the parties throughout their relationship, the acceptance by the defendants, who lived in Providence, of the plaintiff's valuable services over a long period, and, in general, all the facts and circumstances appearing in evidence raised questions which, in our judgment, were peculiarly for the jury to determine in the first instance by drawing reasonable inferences therefrom. That determination was then subject to review under well-settled limitations by the trial justice on a motion for a new trial.

The jury by its verdict obviously found that, on the evidence as they viewed it, there was an implied promise on the part of the defendants to pay for the plaintiff's services rendered on their behalf. In addition to attacking that finding, the defendants also question the amount of the damages awarded. It clearly appears, however, that there is uncontradicted, credible testimony presented by the plaintiff through a witness experienced in the collection of rents and in the care and management of real estate which, if accepted, fully supports the amount awarded the plaintiff.

The trial justice in approving the verdict stated at the conclusion of his rescript: "The verdict . . . .is not against the law as given to the jury, is not against the weight of the evidence and in fact does substantial justice between the

parties." Both the trial justice and the jury had the advantage of seeing and hearing the witnesses testify, a circumstance which in a case of this type was of great value in passing upon and weighing the evidence. In our opinion this case is governed by the well-established rule that unless the trial justice has misconceived or overlooked material evidence, which is not the fact here, then we will not disturb his decision on a motion for a new trial unless we find such decision to be clearly wrong. We have examined the evidence before us and we are unable to make such a finding. The defendants' exception to the refusal of the trial justice to grant their motion for a new trial is, therefore, overruled.

The defendants are also pressing two exceptions to the admission of certain testimony by the plaintiff with reference to an entry in an income tax return of the defendant Marcuson, shortly prior to 1936, for $600 apparently received by him for acting as "janitor" of the defendants' building in West Warwick. The plaintiff contends that this testimony was relevant and proper as bearing on the question of the value of the services which were rendered by her subsequently and which are the basis of this case. The defendants, on the other hand, maintain that this evidence was improperly admitted by the trial justice, relying solely on the grounds that it was irrelevant, immaterial and prejudicial.

Upon consideration, we entertain serious doubt as to the relevancy of the evidence in question by reason, among other things, of the form and scope of the questions objected to and the lack of any testimony with reference to the nature of the defendant Marcuson's duties and services described only as "janitor". However, there was uncontradicted evidence on behalf of the plaintiff, given by an expert witness, as hereinbefore mentioned, relevant to the value of the services she had rendered the defendants. Reasonably construed, this evidence, under all the circumstances, fully supported the amount of damages awarded by the jury. Moreover, the latter by its verdict clearly did not fix the value of

the plaintiff's services at the rate of $600 per year, but at a lesser figure, which was supportable only by the evidence of the expert. In view of these facts, we find that the admission of the evidence under consideration, if erroneous, was not prejudicial to the defendants. These two exceptions are therefore overruled.

Other exceptions of the defendants not briefed or argued are deemed to be waived.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Eugene L. Jalbert,* for plaintiff.

*Michael De Ciantis,* for defendants.